**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

**UNITED STATES OF AMERICA**

**v.**

**JERRY WAYNE WILKERSON,**
**MICHAEL CHATFIELD,**
**KASEY NICHOLSON,**
**BILLY HINDMON, and**
**JAYSON MONTGOMERY**
     **Defendants.**

**Docket No. 1:18-CR-11**
**JUDGE MATTICE**
**MAGISTRATE JUDGE STEGER**

---

## DEFENDANT MICHAEL CHATFIELD'S MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES

Comes now the Defendant, Michael Chatfield, by and through undersigned counsel and hereby moves this Honorable Court for the entry of an Order directing the issuance of subpoenas for documents to third parties pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to produce the documents in court before trial.

In support of this motion, Mr. Chatfield avers:

1. Mr. Chatfield is charged, along with four co-defendants, in a 179 count indictment alleging a number of crimes to include a conspiracy to commit health care fraud, health care fraud, wire fraud, mail fraud, violations of the anti-kickback statute, aggravated identity theft, and money laundering.

2. All the counts against Mr. Chatfield arise out of his alleged participation in the marketing of compounded topical creams that were prescribed by licensed medical providers and filled by compounding pharmacies. These compounding pharmacies

submitted claims to numerous private insurance companies and Tricare for the cost of the creams.

3. A critical component of the superseding indictment's alleged scheme to defraud is the allegation that it is unlawful and deceptive for the defendants not to reveal to the health insurance providers or Tricare that they were receiving a commission based upon a percentage of the amount that the pharmacy was able to bill the health insurance provider or Tricare for such prescriptions *and* the defendants knew it was unlawful and deceptive to receive such a commission. [Doc. 65, Second Superseding Indictment ¶. 11] ("The defendant's executed the scheme, in part, as follows by: …concealing that the defendants were receiving a commission based upon a percentage of the amount that the pharmacy was able to bill the health insurance provider for such prescriptions…").

4. Another critical component of the second superseding indictment's alleged scheme to defraud is that the health care professionals who signed the prescriptions at issue in this case did not fully examine or treat the customers prior to prescribing the compounded drugs. [Id., ¶. 16] ("It was further part of the scheme to defraud that the defendants did not reveal to the private health insurance providers or Tricare that … the health care professionals employed by defendant Jerry Wayne Wilkerson had not fully examined and treated the customers prior to prescribing the compounded drugs.").

5. Further, the indictment alleges that, as part of the scheme, patients were not required to pay co-payments. [Id., ¶2] ("The customers rarely paid a co-pay for the creams they received[.]").

6. Thus, access to documentation that rebuts these critical components of the prosecution's alleged scheme to defraud or puts those allegations into a context that explains that Mr. Chatfield would have no reason to believe that his actions were illegal is critical to his defense.

7. Rule 17(c) of the Federal Rules of Criminal Procedure governs subpoenas for documents and provides that the "court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive the court may permit the parties and their attorneys to inspect all or part of them."

8. This motion seeks an order authorizing the issuance of such subpoenas to third parties for the production of documents prior to trial. Specifically, it seeks court authorization to issue subpoenas to private insurance companies and Tricare to require production of documents relating to records obtained by those companies from the health care providers who prescribed the compounded medication at issue in this case and documents relating to a review of those records by such companies.

9. This motion further seeks court authorization to issue subpoenas to pharmacy benefit management companies which managed pharmacy benefit programs for the private health insurance companies and Tricare for their contracts with relevant

compounding pharmacies during the time frame covered by the indictment and their Pharmacy Benefit Manuals during the relevant time period.

10. The showing that is necessary for the court to order production of documents in advance of trial was established in the seminal case of *United States v. Nixon*, 418 U.S. 683 (1974). This case establishes a four prong test, the moving party must meet: "(1) the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id*. 418 U.S. at 699-700.

For the foregoing reasons, and those more fully set forth in the accompanying memorandum in support of this motion, the *Nixon* standard has been met in this case and this Court should issue an order permitting the issuance of the following subpoenas *duces tecum* sought for production prior to trial:

1. Blue Cross Blue Shield of Tennessee

Records obtained by Blue Cross Blue Shield of Tennessee from Candace Michele Craven (NPI # 1114258746) in connection with the request for medical records from Candace Michelle Craven by BCBST relating to her prescriptions of compounded topical creams.

Records obtained by BSBST from Toni Dobson (NPI # 1760897854) in connection to the request for medical records from Toni Dobson by BCBST relating to her prescriptions of compounded topical creams.

All records obtained by BCBST from Suzy Vergot (NPI # 1669413415) in connection to the request for medical records from Suzy Vergot by BCBST relating to her prescriptions of compounded topical creams.

All documents relating to the referral of Candace Michelle Craven by Jeff Campbell, BCBST Corporate Pharmacy Director, to the BCBST Clinical Risk Committee.

All documents collected and created during BCBST's audits of Candace Michelle Craven, Toni Dobson, and Suzy Vergot.

The documents collected and created by BCBST Clinical Risk Committee's review of Candace Michelle Craven.

All documents relating to the referral of Willow Pharmacy to Express Scripts, Inc., by Jeff Campbell, BCBST Corporate Pharmacy Director.

2. Express Scripts

Pharmacy Benefits Manual – 2014

Pharmacy Benefits Manual – 2015

Pharmacy Benefits Manual – 2016

Contracts between Express Scripts and Soothe Pharmacy and Florida Pharmacy Solutions that were in effect between March 2014 and June 2016.

3. CVS Caremark

Pharmacy Benefits Manual – 2014

Pharmacy Benefits Manual – 2015

Pharmacy Benefits Manual – 2016

Contracts between CVS Caremark and Willow Pharmacy, Central Rexall Pharmacy, Soothe Pharmacy, and Florida Pharmacy Solutions that were in effect between March 2014 and June 2016.

4. OptumRx

Pharmacy Benefits Manual – 2014

CatamaranRx's Benefits Manual – 2014

Pharmacy Benefits Manual – 2015

CatamaranRx's Benefits Manual – 2015

Pharmacy Benefits Manual – 2016

Contracts between OptumRx and Willow Pharmacy, Central Rexall Pharmacy, Soothe Pharmacy, and Florida Pharmacy Solutions that were in effect between March 2014 and June 2016.

Contracts between CatamaranRx and Willow Pharmacy, Central Rexall Pharmacy, Soothe Pharmacy, and Florida Pharmacy Solutions that were in effect between March 2014 and June 2016.

Mr. Chatfield further requests that the Court order the records to be produced within approximately twenty days after issuance of the subpoena at a date, time, place, and manner deemed appropriate by the Court.

Respectfully submitted this 28th day of May, 2019.

*s/ David M. Eldridge*

DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010

*Attorneys for Michael Chatfield*

Page 6 of 7

MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS
Case 1:18-cr-00011-HSM-CHS   Document 100   Filed 05/28/19   Page 6 of 7   PageID #: 442

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This 28th day of May, 2019.

*s/ David M. Eldridge*

DAVID M. ELDRIDGE

Page 7 of 7

MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS
Case 1:18-cr-00011-HSM-CHS   Document 100   Filed 05/28/19   Page 7 of 7   PageID #: 443