UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERRY WAYNE WILKERSON,<br>MICHAEL CHATFIELD,<br>KASEY NICHOLSON,<br>BILLY HINDMON, and<br>JAYSON MONTGOMERY<br>    Defendants. | Docket No. 1:18-CR-11<br>JUDGE MATTICE<br>MAGISTRATE JUDGE STEGER |

**MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL CHATFIELD'S MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES**

Comes now the Defendant, Michael Chatfield, by and through undersigned counsel and, having moved this Honorable Court for the entry of an Order directing the issuance of subpoenas for documents to third parties pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to produce the documents in court before trial, submits this memorandum of fact and law in support of his motion.

**Background**

Mr. Chatfield is charged, along with four co-defendants, in a 179-count indictment with charges including conspiracy, wire fraud, mail fraud, health care fraud, money laundering, aggravated identity theft, and violations of the anti-kickback statute.

This indictment is based on alleged conduct relating to the Defendants' participation in the marketing of topical compounded creams. Compounded medications were prescribed by a
Page 1 of 8

MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR
RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES

Case 1:18-cr-00011-HSM-CHS   Document 100-1   Filed 05/28/19   Page 1 of 8   PageID #: 444

licensed health care provider. Then, the medications were filled by a compounding pharmacy. The pharmacy billed the patient's private insurance company or Tricare. The insurance company or Tricare used a pharmacy benefits manager (PBM) to process and pay for the claims.

The second superseding indictment makes specific, critical allegations against the Defendants that relate to this process. The indictment alleges that it is unlawful and deceptive for the defendants not to reveal to the health insurance providers or Tricare that they were receiving a commission based upon a percentage of the amount that the pharmacy was able to bill the health insurance provider or Tricare for such prescriptions *and* the defendants knew it was unlawful and deceptive to receive such a commission. [See Doc. 56, Second Superseding Indictment, ¶11]. Furthermore, the indictment alleges that health care professionals who signed the prescriptions at issue in this case did not fully examine or treat the customers prior to prescribing the compounding drugs. [Id. ¶16]. The indictment also alleges that patients were misled about paying co-pays, that the patients often did not pay co-pays, and that the Defendants paid patients' co-pays. [Id.].

During the relevant time period outlined in the indictment, at least some insurance companies conducted audits of health care providers who prescribed compounded medications in relation to this alleged scheme.

Private insurance companies and Tricare maintain contracts with PBMs. These PBMs maintain agreements with pharmacies that contain formularies and general policies for the filling and billing of prescription medications.

Page 2 of 8

MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES

Case 1:18-cr-00011-HSM-CHS   Document 100-1   Filed 05/28/19   Page 2 of 8   PageID #: 445

**Legal Background**

Rule 17(c) of the Federal Rules of Criminal Procedure governs subpoenas for documents and provides that the "court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive the court may permit the parties and their attorneys to inspect all or part of them." The showing that is necessary for the court to order production of documents in advance of trial was established in the seminal case of *United States v. Nixon*, 418 U.S. 683 (1974). This case establishes a four prong test, the moving party must meet: "(1) the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'". *Id*. 418 U.S. at 699-700. *See also United States v. Theunick*, 651 F.3d 578, 591 (6th Cir. 2011) (noting production of documents pursuant to Rule 17(c) is appropriate when the *Nixon* test is met).

In *United States v. Kernell*, the defendant was charged with unauthorized access and identity theft of Alaska Governor Sarah Palin. The general allegation was that the defendant hacked into Governor Palin's Yahoo! email account and posted related information on the social media website 4Chan. *United States v. Kernell*, 2010 U.S. Dist. LEXIS 25244 (E.D. Tenn. March 17, 2010). The court granted the defendant's motion to subpoena Yahoo!'s policies as they related to the date of the alleged offenses and the date that the email accounts were

MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES

created. *Id.* at *6-*8. The court also granted the defendant's motion to subpoena 4Chan's policies for retention and destruction of data. *Id.* at *8-*10.

Similar to this case, Mr. Chatfield requests policies and procedures related to the PBMs and health insurance companies whose business practices enabled or prohibited the allegations in the indictment.

In *United States v. Bailey*, the government sought to use an expunged felony charge against the defendant based on the unclean hands doctrine. *United States v. Bailey*, 2007 U.S. Dist. LEXIS 38455 (E.D. Tenn. May 25, 2007). The Tennessee Bureau of Investigation conducted an investigation as to whether the defendant received an expungement based upon fraud committed upon the Claiborne County Criminal Court. *Id.* at *2. The TBI declined to prosecute, but the defendant sought to subpoena the closed investigative file. *Id.* at *7. The court found that the *Nixon* test had been met and ordered the TBI to comply with the subpoena. *Id.* at *8.

Similar to this case, Mr. Chatfield is requesting the files and results pertaining to a separate investigation into the same conduct where the results are likely to be exculpatory.

**Analysis**

I. **The documents requested are evidentiary and relevant.**

The requested subpoenas deal with two sets of documents: documents related to the audit of health care providers by Blue Cross Blue Shield of Tennessee, the pharmacy benefits manuals and contracts with relevant pharmacies for 2014, 2015, and 2016 (the time period of the indictment) issued by the PBMs that paid the claims as part of the alleged scheme.

The audits of the health care providers are relevant and admissible. The audits are records of regularly conducted activity and admissible under Federal Rule of Evidence 803(6). These

records are highly probative of the accusations that relate to the health care providers. The second superseding indictment alleges that these health care providers did not see patients in person. [Doc. 65, ¶3]. The indictment also alleges that health care providers did not make an independent determination of medical necessity. [Id. ¶ 14]. The indictment alleges that health care providers did not fully examine and treat customers prior to prescribing the compounded medications. [Id. ¶16]. These providers were investigated by Blue Cross Blue Shield of Tennessee, and the records collected and created as a result of that audit are probative and essential to Mr. Chatfield's defense.

Pharmacy benefit manuals are produced by PBMs and govern the relationship between the pharmacy provider and the PBMs. Similarly, the contracts between the PBMs and pharmacies enforce the manuals and outline obligations between the two entities related to the billing of medications. These manuals and contracts are admissible under the Federal Rules of Evidence. The indictment alleges that the defendants concealed their commission payments. [Id. ¶11]. The indictment also alleges that co-payments were not properly collected. [Id.]. The indictment further alleges that the defendants should have told customers the price of the medication. [Id.]. The information contained in the pharmacy benefits manual and contracts will show whether insurers placed restrictions on paying marketers commissions for compounded medications, the requirements and responsibilities for co-payment collections, information regarding co-payment assistance program eligibility, and information pertaining to the obligations to explain costs to customers. This information is probative and essential to Mr. Chatfield's defense.

## II. The documents are not otherwise procurable by exercise of due diligence.

These items are not procurable by any reasonable means other than a subpoena. The audit files are internal documents stored at Blue Cross Blue Shield of Tennessee, a private company. The pharmacy benefit manuals for 2014, 2015, and 2016 are prior versions of policies and procedures shared between private PBMs and private pharmacies. Likewise, the contracts between PBMs and private pharmacies are private contracts that are not otherwise accessible.

## III. Mr. Chatfield needs the documents to prepare for trial.

The information contained in the requested documents directly relate to the allegations against Mr. Chatfield. The audit files from Blue Cross Blue Shield of Tennessee will show that the insurance companies did not find that the health care providers were inappropriately prescribing compounded medications as the government claims. The audit files will also show that the insurance company did not revoke payment on prescribed medications or remove NP Craven, NP Dobson, or Dr. Vergot as Blue Cross Blue Shield providers based on the results of their investigation.

The pharmacy benefits manuals and contracts will show that that the PBMs did not place restrictions on marketing compounded creams, that the PBMs did not restrict the payment of commissions to marketers, that co-pay assistance programs were permitted, and that it is the obligation of the pharmacies—and not the obligation of Mr. Chatfield—to collect co-payments when required. The manuals will also show how and when the prices of compounded medications are determined and that there is no obligation to tell a patient in advance of the cost of medications billed to the insurance company.

Page 6 of 8

MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES

Case 1:18-cr-00011-HSM-CHS   Document 100-1   Filed 05/28/19   Page 6 of 8   PageID #: 449

IV.     **Mr. Chatfield requests these documents in good faith.**

These requests do not constitute a "fishing expedition." This request is tailored to target the reasonable production of documents relevant to specific allegations charged in the indictment. These documents are necessary for trial preparation and are requested to expedite the trial. The request is made in a manner that permits undersigned counsel to review the documents reasonably in advance of trial.

**Conclusion**

In conclusion, Mr. Chatfield has met the four prongs of the *Nixon* test and requests this Court issue the subpoenas identified in the motion so Mr. Chatfield may obtain the relevant documents in advance of trial.

Respectfully submitted this 28th day of May, 2019.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010
*Attorneys for Michael Chatfield*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 28th day of May, 2019.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE

Page 8 of 8

MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS FOR RELEVANT AND ADMISSIBLE DOCUMENTS FROM THIRD PARTIES

Case 1:18-cr-00011-HSM-CHS   Document 100-1   Filed 05/28/19   Page 8 of 8   PageID #: 451