UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA,

v.

JERRY WAYNE WILKERSON,
MICHAEL CHATFIELD,
KASEY NICHOLSON,
BILLY HINDMON, and
JAYSON MONTGOMERY
    Defendants.

Docket No. 1:18-CR-11
JUDGE MATTICE
MAGISTRATE JUDGE STEGER

**MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL CHATFIELD'S MOTION FOR BILL OF PARTICULARS**

Comes now the Defendant, Michael Chatfield, by and through undersigned counsel, and having moved this Honorable Court to direct the Government to file a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, supplies this memorandum in support.

Mr. Chatfield requests a bill of particulars in order to understand the nature of the charges against him with sufficient precision to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and enable him to plead double jeopardy if necessary in the future since the language of the indictment is too vague and indefinite for such a purpose.

**Overview**

The circumstances of this case and basic principles of fairness and due process necessitate a bill of particulars. Mr. Chatfield's rights are in jeopardy due to the complexity of this case, the

vagueness and conflicting language in the indictment, and the Government's theories of prosecutions which focus heavily on perfectly legal acts painted in a negative light, highlighted by the surprising costs of compounded medications —prices which are set by health insurance companies.

The Defendants are alleged to have participated in a common and legal marketing concept, known as multi-level marketing[1]. The Defendants sought out contacts who suffered from common skin ailments, scarring, pain, and other conditions. They described the benefits of products offered through compounding pharmacies, many of which are covered by health insurance plans. The Defendants received sales commission from the compounding pharmacies based upon prescriptions filled by the pharmacies which made claims for reimbursements to the patients' respective health insurors. The creams were expensive. However, the Defendants and the pharmacies were not involved in setting the reimbursement rates for the cost of compounded medications. The price for reimbursement for compounded creams—along with every medicine or service covered by insurance—is set by the insurance company or the pharmacy benefit manager for the insurance company. In exchange for agreeing to participate in a survey from the pharmacies, customers could receive a modest fee. Some customers who found that the creams worked well would market the creams to others.

Nothing about this "scheme" is illegal. While most individuals are not familiar with the concept of direct marketing for medications, everyone is familiar with pharmaceutical marketing. Such marketing fills magazines and is beamed into our homes via television. However, the

---

[1] There is no allegation that the multi-level marketing aspect of this case is a "pyramid scheme."

MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL CHATFIELD'S MOTION FOR BILL OF PARTICULARS

indictment is vague because it fails to differentiate between alleged wrongdoings and perfectly legal conduct. This has the potential to prejudice the jury into incorrectly thinking that the legal conduct that Mr. Chatfield engaged in is evidence of a crime.

**Argument**

Rule 7(c) contains a requirement that the indictment provide a "plain, concise and definite written statement of the essential facts constituting the offense charged." This rule is based on the Sixth Amendment right to notice of the offense charged, the Fifth Amendment right against double jeopardy, and the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury. *Russell v. United States*, 369 U.S. 749, 768 (1962). The purpose of Rule 7(c) is "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Id.* at 768 (citations omitted).

The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense where the indictment itself is too vague, and indefinite for such purposes. *United States v. Birmely*, 529 F.2d 103, 108 (6th Cir. 1976).

Here, due to the complexity of the case, the requested bill of particulars is necessary for Mr. Chatfield and undersigned counsel to effectively prepare for trial. Due to the vagueness of the indictment and the questions of whether or not certain conduct is illegal, a bill of particulars

is not only necessary to protect prejudicial surprise at trial but to crystallize the government's allegations as to the conduct it alleges is illegal. Mr. Chatfield's requests are attached as Exhibit A.

When an indictment fails to specify exactly what conduct it alleges to be criminal, it violates the purposes of an indictment and the notice clause of the Sixth Amendment. *Russell v. United States*, 369 U.S. 749, 766 (1962). "Far from informing [the defendant] of the nature of the accusation against him, the indictment instead left the prosecution free to roam at large—to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Id*. at 768. Thus, Mr. Chatfield requests that the Government to particularize the facts it alleges to be criminal in relation to the alleged scheme set forth in the first section of the second superseding indictment.

**Conclusion**

For these reasons, Mr. Chatfield respectfully moves this Court direct the government to provide a bill of particulars in response to the requests in the attached Exhibit A pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

Respectfully submitted this 28th day of May, 2019.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010

*Attorneys for Michael Chatfield*

Page 4 of 5

MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL CHATFIELD'S MOTION FOR BILL OF PARTICULARS
Case 1:18-cr-00011-HSM-CHS   Document 105   Filed 05/28/19   Page 4 of 5   PageID #: 478

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This 28th day of May, 2019.

*s/ David M. Eldridge*
DAVID M. ELDRIDGE