## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

UNITED STATES OF AMERICA,

v.

JERRY WAYNE WILKERSON,
MICHAEL CHATFIELD,
KASEY NICHOLSON,
BILLY HINDMON, and
JAYSON MONTGOMERY
    Defendants.

Docket No. 1:18-CR-11
JUDGE MATTICE
MAGISTRATE JUDGE STEGER

---

## JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

---

Comes now the Defendants, Jerry Wayne Wilkerson, Michael Chatfield, Kasey Nicholson, Billy Hindmon, and Jayson Montgomery, by and through undersigned counsel, and, having moved this Honorable Court for an order prohibiting all parties from offering testimony or evidence that the topical creams and wellness pills did not work or did not have a valid, medical use pursuant to Federal Rules of Evidence 401, 402, 403, and 702, provide this memorandum of fact and law.

**Background**

This case primarily focuses on the efforts of the Defendants in marketing compounding pharmacy products—topical creams and other products, such as wellness pills. The products were made from FDA-approved medications at compounding pharmacies. They were prescribed by physicians and nurse practitioners to patients. When the pharmacies filled the prescription,

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

Case 1:18-cr-00011-HSM-CHS   Document 164   Filed 06/18/19   Page 1 of 7   PageID #: 784

the insurance company reimbursed the pharmacies for amounts consistent with the insurance companies' set reimbursement rates.

The Government has made allusions in the indictment that the topical creams or other medications were not effective or medically necessary For example, the indictment states, "The defendants informed the customers that the creams and medications would treat a variety of ailments, including pain, eczema, psoriasis, stretch marks, warts and other conditions." [Doc. 65, Second Superseding Indictment, ¶2]. By implication, this allegation asserts that the creams did not effectively treat these conditions. Later, the indictment alleges "compounded drugs, drugs which were exorbitantly priced and for which there was little if any medical necessity." [Id. Count 179].

The reality is that the creams and other medications were effective in treating patient's conditions. Certainly, like any treatment—pharmaceutical or otherwise— some patients would certainly have better results than others. Whether or not the creams and medications were effective does not impact any element of any of the crimes in the 179 counts that are charged in this indictment.

**Argument**

The first question for a court considering the admissibility of evidence is whether the evidence is relevant. *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 375 (6th Cir. 1983). Only evidence that tends to make a fact of consequence more or less probable is relevant, and only relevant evidence is admissible. *Id.*; Fed. R. Evid 401 and 402; *See also United States v. Schrock*, 855 F.2d 327 (6th Cir. 1988).

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

Any assertion by the government that the compounded medications were not effective treatments in no way proves or disproves any element of any of the numerous charged crimes in this indictment. In reality, whether these creams had truly miraculous results or if they had no effect at all on a patient's health, it does not change whether any of the defendants' actions and alleged actions constitute the crimes of wire fraud, mail fraud, health care fraud, illegal remuneration, aggravated identity theft, and money laundering conspiracy.

Furthermore, to the extent that a supposed lack of effectiveness of the medication is probative, it is inadmissible under Federal Rule of Evidence 403 which excludes relevant evidence "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988).

The probative value of such proffered evidence is nonexistent first and foremost because it isn't true. The government has also not provided any notice of an intention to use any expert testimony in this trial. The government has not performed any laboratory analysis of the (now long-expired) medications in its possession. The government has no way to prove that the medication is not effective beyond anecdotal evidence of lay witnesses, which is inadmissible under Federal Rule of Evidence 701(c) (prohibiting opinion testimony by a lay witness based on scientific, technical, or other specialized knowledge).

The prejudicial impact of such proffered evidence substantially outweighs the probative value. There is no question that the allegations regarding the effectiveness of the medication would confuse the jury, especially given that most of the allegations against the defendants

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

involve fraud, but do not involve the medication itself being fraudulent. The admission of such evidence would mislead the jury as to the motives of the defendants. Further, given that this trial is anticipated to last three to four weeks, the government should not be permitted to needlessly waste time introducing irrelevant and inadmissible evidence relating to the medical efficacy or necessity of the medications patients were prescribed.

**Conclusion**

The evidence that the medicine at issue here is ineffective is inadmissible because it is not probative of a material fact in this case. Furthermore, the government cannot conceivably prove this allegation without experts and laboratory analysis—which is impossible at this stage. Furthermore, the probative value of evidence that the defendants marketed medication that was not effective is substantially outweighed by its potential for unfair prejudice to the defendant and the likelihood of confusion with regard to the issues the jury will be called up on to decide.

Respectfully submitted this 18th day of June, 2019.

*s/ David M. Eldridge*

DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010
*Attorneys for Michael Chatfield*

*s/Mark S. Thomas*

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL CREAMS AND WELLNESS PILLS

MARK S. THOMAS
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, P.A.
5200 SW 91st Terrace, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (office)
*Attorney for Jerry Wayne Wilkerson*


s/ Brian L. O'Shaughnessy

BRIAN L. O'SHAUGHNESSY (BPR #025991)
O'SHAUGHNESSY & CARTER, PLLC
735 Broad Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 267-3807
*Attorney for Kasey Nicholson*


s/ Gianna Maio

GIANNA MAIO, (BPR #024579)
FEDERAL DEFENDER SERVICES OF EASTERN
TENNESSEE
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
(423) 756-4349
*Attorney for Billy Hindmon*


s/ R. Dee Hobbs

R. DEE HOBBS, (BPR #10482)
P.O. Box 11308
Chattanooga, Tennessee 37401
(423) 266-6461 (Phone)
(423) 756-8521 (Fax)
*Attorney for Jayson Montgomery*

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT
IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL
CREAMS AND WELLNESS PILLS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 18th day of June, 2019.


*s/ David M. Eldridge*
DAVID M. ELDRIDGE

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT
IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL
CREAMS AND WELLNESS PILLS

JOINT DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT
IRRELEVANT AND UNQUALIFIED TESTIMONY ABOUT THE MEDICAL EFFICACY OF TOPICAL
CREAMS AND WELLNESS PILLS