UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Docket No. 1:18-CR-11 |
| **JERRY WAYNE WILKERSON,** | JUDGE MATTICE |
| **MICHAEL CHATFIELD,** | MAGISTRATE JUDGE STEGER |
| **KASEY NICHOLSON,** | |
| **BILLY HINDMON, and** | |
| **JAYSON MONTGOMERY** | |
|     **Defendants.** | |

## MOTION FOR ADDITIONAL APPLICABLE LEGAL STANDARDS

Comes now the Defendant, Michael Chatfield, by and through undersigned counsel, and moves this Court to consider additional applicable legal standards. This case is a bench trial, so no jury instructions are explicitly required. However, the Court has shared applicable legal standards that will be considered in deciding the case. Mr. Chatfield respectfully submits the following additional standards:

**Good Faith Instruction**

Mr. Chatfield's defense has been, in part, that the Government has not demonstrated fraudulent intent on his part as it relates to the various fraud counts. The Sixth Circuit Pattern Jury Instructions notes, "If there is any evidence at all of good faith, the court should refer to Instruction 10.04 Fraud – Good Faith Defense." See Sixth Circuit Pattern Instruction 10.01, 10.02, and 10.05. Because Mr. Chatfield has been able to demonstrate through witnesses that he was acting in good faith, the Court should consider the following standard from Sixth Circuit Pattern

Jury Instruction 10.04 in connection to Count One, Conspiracy to Commit Health Care Fraud, Counts 2-108, Wire Fraud, Counts 109 through 134, Mail Fraud, Counts 135-140, Health Care Fraud, and Counts 141 through 167, Violation of the Anti-Kickback Statute:

(1) The good faith of the defendant is a complete defense to the charges of Wire Fraud, Mail Fraud, and Health Care Fraud contained in Counts 2 through 108, 109 through 134, and 135 through 140, respectively, of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3) A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, the defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(5) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(6) If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

**Material Omission**

Unlike an affirmative misrepresentation that is material, the Sixth Circuit has held that fraudulent pretenses or representations can include omissions, or concealment, "where one says nothing *but has a duty* to speak." *United States v. Maddux*, 917 F.3d 437, 443-446 (6th Cir. 2019).

A fair reading of that case, and the summary of the case in the notes to the Sixth Circuit Pattern Jury Instructions, supports that an omission or concealment can only be material under the fraud statutes when there is an affirmative legal or contractual duty to provide information that was omitted or concealed. The Third Circuit uses such language in its pattern fraud instruction, and Mr. Chatfield respectfully submits the Court should consider the Third Circuit's standard as articulated in Pattern Instruction 6.18.1341-1 here:

> The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

This standard should be applied to Counts 2 through 140.

**Joining a Conspiracy**

As the Court has properly noted, the elements for conspiracy require proof that the defendant knowingly and voluntarily joined the conspiracy. As to this element, the Sixth Circuit articulates standards relating to a defendant's connection to the conspiracy in Pattern Instruction 3.03. Mr. Chatfield respectfully requests that this standard, as articulated in the pattern instructions, be applied here.

> **DEFENDANT'S CONNECTION TO THE CONSPIRACY**
>
> (1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.
>
> (2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it

Page 3 of 4
Case 1:18-cr-00011-HSM-CHS   Document 351   Filed 11/19/19   Page 3 of 4   PageID #: 3976

from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Conclusion**

Based on the foregoing, Mr. Chatfield requests that this Court consider the described legal standards in determining the outcome of this case.

Respectfully submitted, this 18th day of November, 2019.

*s/ David M. Eldridge*

DAVID M. ELDRIDGE (BPR # 012408)
ZACHARY R. WALDEN (BPR #035376)
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 West Church Avenue, Suite 101
Knoxville, Tennessee 37902
(865) 544-2010

*Attorneys for Michael Chatfield*